(April 4, 1989)

■ Play Knits, Inc., Appellant, v Samuel Blue, Inc., Respondent.—Order of the Supreme Court, New York County (Beatrice Shainswit, J.), entered on August 17, 1988, which granted defendant Samuel Blue, Inc.'s motion to dismiss the complaint (incorrectly designated as "plaintiff's motion to dismiss the complaint"), is unanimously reversed, on the law, and the motion denied, with costs and disbursements payable to plaintiff.

Plaintiff Play Knits, Inc. is a manufacturer of finished garments. When a customer of plaintiff places an order, it either delivers the material for the garments to plaintiff directly or requests plaintiff to purchase such material on its behalf. In those instances where plaintiff buys material, it requires a cash advance from the customer to pay for the material.

Plaintiff brought this action for payment of the material that had been purchased for the defendant. Defendant moved for an order pursuant to CPLR 3211 (a) (1) dismissing the complaint on the ground that a complete defense was founded upon documentary evidence. The IAS court granted this motion.

Plaintiff initially contends that the IAS court erred in treating defendant's motion to dismiss as a motion for summary judgment without prior notice to the parties. It is significant, however, that defendant, while denominating the notice of motion as one pursuant to CPLR 3211, submitted, by its president, an "Affidavit In Support of Motion For Summary Judgment" and plaintiff opposed by its president's "Affidavit in Opposition to Motion For Summary Judgment". Both parties, therefore, understood the relief sought was for summary judgment and the court correctly treated it as such.

However, the IAS court did err in finding that there were no factual issues. Defendant submitted documentary material allegedly establishing that the invoices sent by plaintiff had been paid in full. In addition, an affidavit was submitted by an ex-employee of plaintiff, Ms. Marilyn Bryant, who had negotiated the contract with defendant. It asserted that these invoices reflected the total price for the finished garments, including the fabric. In an opposing affidavit, however, plaintiff's president submitted an analysis of the contract prices for the various styles compared to the invoice prices, which he claimed demonstrated that the invoice price did not include the cost of the fabric. Plaintiff also asserted that Ms. Bryant had been fired when she attempted to release finished goods to defendant before letters of credit in payment had been received. Accordingly, the documents and affidavits submitted raised an issue of fact as to whether the 35% cash advances for the cost of the material were waived by plaintiff when defendant could not receive letters of credit to cover such advances.

Since summary judgment is a drastic remedy which should not be granted where the issue is arguable (see, Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404), the IAS court erred in granting defendant such relief. Concur—Murphy, P. J., Sullivan, Asch and Kassal, JJ.