(January 14, 1991)

■ CLIFFORD BAKSYS, JR., an Infant, by His Mother and Legal Guardian, CONCETTA BAKSYS, et al., Appellant, et al., Plaintiff, v PAUL BERTON et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., the plaintiff Clifford Baksys, Jr., appeals from a judgment of the Supreme Court, Nassau County (Ain, J.), entered May 22, 1989, which, upon a jury verdict, is in his favor and against the defendants in the principal sum of only $38,000, representing past and present pain and suffering.

Ordered that the judgment is reversed, on the facts and as a matter of discretion, with one bill of costs payable by the defendants appearing separately and filing separate briefs, and a new trial is granted to the appellant limited to the issue of damages only unless the defendants shall serve and file in the office of the Clerk of the Supreme Court, Nassau County, a written stipulation consenting to increase the verdict as to damages against them to the principal sum of $300,000, and to entry of an amended judgment accordingly; and it is further,

Ordered that in the event the defendants Berton so stipulate, then the judgment against them, as so increased and amended, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that in the event the defendant Bernhardt so stipulates, then the judgment against him, as so increased and amended, is affirmed insofar as appealed from, without costs or disbursements.

This action arises out of an automobile accident in which the appellant was seriously injured while riding in the front seat of a car owned by the defendant Theresa Berton, and driven by the defendant Paul Berton. The defendant Bernhardt's car cut off Berton's vehicle, causing it to leave the road and strike a tree. The appellant suffered multiple injuries, including a ruptured spleen with hemorrhage and retroperitoneal hemotoma, a fractured pelvis, a fracture of his spine, a tear of his left diaphragm, a tear of his pericardium, and a concussion resulting in loss of consciousness. The appellant subsequently underwent an operation for removal of his spleen which had been irreparably damaged. An additional operation was required to repair damage to his jaw and teeth.

The principal injury suffered by the appellant as a result of the accident was a comminuted compression fracture to the

fifth lumbar vertebra of his spine as well as a fracture of the left traverse process of the second, third and fourth lumbar vertebrae. While the appellant was hospitalized, various pain-killing drugs were administered to alleviate the pain emanating from his back. During his third operation, his spine was fused by the implantation of "Harrington rods". After this surgery he was placed in a body cast which extended from his neck down to his buttocks. According to the appellant, he was in constant pain.

The appellant further testified that following the accident he could no longer play sports with his friends, nor dance, because of the pain in his back. Moreover, his medical expert indicated that he is at increased risk of succumbing to infections because his spleen has been removed. The undisputed medical testimony further indicates that for patients with "Harrington rods" implanted in their spines, future surgery is necessary to avoid the dangerous complications that arise from indefinite implantation.

In view of the nature and extent of the appellant's injuries, we find that the award of damages was inadequate to the extent indicated.

We have reviewed the appellant's remaining contentions and find them to be without merit. Sullivan, J. P., Eiber, Harwood and Balletta, JJ., concur.