■ DAVID STOECKEL et al., Respondents, v BURTON H. BLOCK, Individually and Doing Business as BLOCK & COMPANY, Appellant.—Judgment, Supreme Court, New York County (Martin Schoenfeld, J.), entered January 16, 1990, which, *inter alia,* upon a jury verdict, found in favor of plaintiffs against the defendant, unanimously affirmed, without costs.

Plaintiffs, former employees of defendant, sought unpaid commissions allegedly due following the termination of their employment, while defendant counterclaimed for breach of fidelity, arising from plaintiffs' solicitation of defendant's customers. While the jury found that plaintiffs had breached their fiduciary duty to defendant, it awarded no damages on the defendant's counterclaim.

We recognize that the measure of damages on defendant's counterclaim would be the amount defendant would have made but for plaintiffs' wrong, including lost opportunities for profits on accounts diverted from it through plaintiffs' conduct *(Bruno Co. v Friedberg,* 21 AD2d 336, 341). We also recognize plaintiffs' freedom to compete with their former employer, absent a restrictive covenant against such competition, use of trade secrets or fraudulent means *(Walter Karl, Inc. v Wood,* 137 AD2d 22, 27).

However, we do not find that the verdict was against the weight of the evidence. The evidence adduced at trial indicated only that plaintiffs had made a few inquiries as to the possibility of being retained by defendant's customers. Although defendant established a decline in profits during the period subsequent to plaintiffs' termination, which was the result of a majority of defendant's clients utilizing the services of plaintiffs' new enterprise, it was not demonstrated that this decline in business was attributable to plaintiffs' alleged wrongful conduct during the term of their employment with defendant. Accordingly, we see no basis for setting aside the

verdict awarding defendant no damages or remanding the matter to the trial term on this issue *(see, Cohen v Hallmark Cards,* 45 NY2d 493). We have considered and rejected defendant's challenge to the court's charge. Concur—Carro, J. P., Milonas, Ellerin, Kupferman and Rubin, JJ.