■ LEAH C. REICHMAN, Respondent, v WAREHOUSE ONE, INC., Appellant.—Interlocutory Judgment, Supreme Court, New York County (Robert N. Coutant, J.), entered June 14, 1989, which, *inter alia,* awarded judgment to plaintiff, finding that she is entitled to immediate possession of certain chattels; order of the same Court and Justice, entered September 15, 1989, denying defendant's motion for a stay of the June 14, 1989 judgment pending appeal; judgment of the same Court and Justice, entered October 22, 1990, denying defendant's post-judgment motion for vacatur; and judgment, Supreme Court, New York County (Charles L. Willis, J.), entered November 2, 1989, which, after an inquest, awarded plaintiff $270,000.00 in monetary damages and $27,250.00 in attorneys' fees, unanimously affirmed, with costs.

On November 29, 1982, the plaintiff was evicted from her loft apartment, and the landlord stored plaintiff's household goods with Carl Land Moving and Storage Company, which, in turn, transferred those goods to Sea-Way Intl. Moving Ltd. Subsequently, Warehouse One, Inc. (Warehouse), a licensed warehouse, came into possession of plaintiff's goods, and when

she demanded their return, Warehouse refused, unless the storage charges were paid.

Thereafter, in June 1985, plaintiff commenced an action against Warehouse (defendant) for the return of her goods, damages and attorneys' fees. The complaint alleges, in substance, that defendant violated General Business Law article 29-I, known as the Truth-In-Storage Act ([Act], § 605 *et seq.)* in that defendant failed to timely notify plaintiff that it was in possession of her property.

After issue was joined, a bench trial resulted in a verdict in favor of plaintiff, and an interlocutory judgment was entered, ordering defendant to return the goods, without any fees, charges or interest, and scheduling an inquest on damages.

At the inquest, plaintiff testified in detail as to the value of the missing household goods, consisting of, *inter alia,* artwork, art supplies, clothing, and furniture. For example, plaintiff's estimate of the value of her artwork was based upon the following factors: (a) her education, including receipt of a Bachelor's Degree in Fine Art and a Master's Degree, "as well as having been in the independent study program of the Whitney Museum * * * in New York and Oxbow Summer School of Painting in Michigan", (b) her work history, including almost twenty years experience as a professional artist, during which time she earned an average of $17,000.00 per year for at least five years preceding the eviction, (c) the sale of her artwork for profit, and (d) the exhibition of her artwork in "[a] large number of galleries here in New York, the Woman Art Gallery on West 57th, the O.K. Harris Gallery in Soho, a cooperative gallery called the 9100 Gallery run by Holly Solomon, 3 Mercer Street Store, which was operated by Steve Funonce. I have shown my work through museums in Europe [and] South America".

Further, plaintiff testified that the missing artwork consisted of at least two very large oil paintings, a half-dozen watercolors, and two dozen drawings. Also, she stated that she had prepared a price list identifying certain artwork she was trying to sell prior to the eviction, and "[t]his is a price—a retail price value that I would have asked, had I shown them in a gallery in, say the end of 1982 or 1983. I would certainly want more money for them if I were to show them in a gallery or through a private artist agency today".

Following the receipt of the plaintiff's testimony, which the defendant did not controvert by either testimonial or documentary evidence, the inquest Court awarded plaintiff total

damages in the amount of $90,000.00, which then were, in accordance with the provisions of General Business Law § 609 (1), trebled to $270,000.00, and attorneys' fees in the amount of $27,250.00. Defendant appeals.

Although defendant concedes that the "plaintiff is not required to call an expect [sic] witness to prove damages", defendant contends that the evidence presented by the plaintiff is legally insufficient to support the damage award. We disagree, since we find the Court's award to be supported by the evidence, discussed *supra*. In *Nightingale Rest. Corp. v Shak Food Corp.* (155 AD2d 297, 297-298 [1st Dept 1989], *lv denied* 76 NY2d 702 [1990]), we stated that "[o]n a bench trial, the decision of the fact-finding court should not be disturbed on appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence, especially when the findings of fact rest in large measure on considerations relating to the credibility of witnesses".

Further, it is well established law that "[t]he rule of certainty as applied to the recovery of damages does not require mathematical accuracy or absolute certainty or exactness, but only that the loss or damage be capable of ascertainment with reasonable certainty" (36 NY Jur 2d, Damages, § 15; *see also, Bruno Co. v Friedberg,* 28 AD2d 91 [1st Dept 1967], *affd* 23 NY2d 798 [1968]; *Gombert v New York Cent. & Hudson Riv. R. R. Co.,* 195 NY 273 [1909]).

Next, defendant contends that the Trial Court should not have given retrospective effect to the 1983 amendment to General Business Law § 607, effective September 1, 1983, adding subdivision (5) *(see,* L 1983, ch 313, § 1). Subdivision (5) extends the protections of the Act to a consumer bailor, such as plaintiff, whose property has been placed in storage after an eviction. The record herein is unclear as to whether the defendant received plaintiff's goods before or after the effective date of the amendment. While defendant admitted in its Bill of Particulars that it received plaintiff's goods, we note that defendant, by not presenting any evidence at either the trial or inquest, has, as a matter of strategy, decided not to disclose the date when it received them, and we find, based upon this record, such date to be significant information solely within the control of defendant. Repeatedly, it has been stated "[a]n unfavorable inference may be drawn when, as in this case, a party fails to produce evidence which is within his [or her] control and which he [or she] is naturally expected to produce *(Orange & Rockland Utils. v Hess Corp.,* 59 AD2d 100,

119; 2 Wigmore, Evidence § 285 [Chadbourn rev 1979]; Richardson, Evidence § 92 [Prince 10th ed]; 21 NY Jur, Evidence, § 124]" *(Ausch v St. Paul Fire & Mar. Ins. Co.,* 125 AD2d 43, 48 [1987], *lv denied* 70 NY2d 610 [1987]). Nevertheless, regardless of when the defendant actually received the goods, since the amendment is remedial in nature, we find the Trial Court correctly applied it retrospectively to the instant case *(see, Lesser v Park 65 Realty Corp.,* 140 AD2d 169, 173 [1st Dept 1988], *lv dismissed* 72 NY2d 1042 [1988]).

We have considered defendant's other claims and find them to be meritless. Concur—Milonas, J. P., Ross, Kassal, Smith and Rubin, JJ.