■ STEVEN D. BURDICK, Respondent-Appellant, v RANDALL E. BRATT et al., Appellants-Respondents. (Appeal No. 1.) [612 NYS2d 993] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: The jury's award of $282,000 for past

and future pain and suffering is not inadequate and does not deviate materially from what would be reasonable compensation *(see,* CPLR 5501 [c]; *Baksys v Berton,* 169 AD2d 695). There was insufficient evidence adduced at trial, however, to support the jury awards for past and future loss of earnings and past impairment of earning ability. Plaintiff failed to provide evidence demonstrating the difference between what he is now able to earn and what he could have earned if he had not been injured *(see, Kaylor v Hess Corp.,* 141 AD2d 331, 332, *lv denied* 73 NY2d 704). Plaintiff's proof did not allow the loss of earnings to be ascertained with reasonable certainty *(see, Reichman v Warehouse One,* 173 AD2d 250, 252, *lv denied* 78 NY2d 1058). Consequently, the verdict must be reduced by the amounts of $26,640 for past loss of earnings, $412,500 for future loss of earnings, and $112,500 for past impairment of earning ability. We remit the matter to Supreme Court to recalculate the judgment in favor of plaintiff in accordance with this memorandum. The judgments in favor of defendants Bratt and defendant Czerwiak against third-party defendant Fields must likewise be recalculated upon remittal. We have examined the remaining issues raised by defendants and third-party defendant and find them either unpreserved or lacking in merit. (Appeals from Judgment of Supreme Court, Oswego County, Nicholson, J.—Negligence.) Present—Denman, P. J., Green, Fallon, Callahan and Doerr, JJ.