and future pain and suffering is not inadequate and does not deviate materially from what would be reasonable compensation (see, CPLR 5501 [c]; Baksys v Berton, 169 AD2d 695). There was insufficient evidence adduced at trial, however, to support the jury awards for past and future loss of earnings and past impairment of earning ability. Plaintiff failed to provide evidence demonstrating the difference between what he is now able to earn and what he could have earned if he had not been injured (see, Kaylor v Hess Corp., 141 AD2d 331, 332, lv denied 73 NY2d 704). Plaintiff's proof did not allow the loss of earnings to be ascertained with reasonable certainty (see, Reichman v Warehouse One, 173 AD2d 250, 252, lv denied 78 NY2d 1058). Consequently, the verdict must be reduced by the amounts of $26,640 for past loss of earnings, $412,500 for future loss of earnings, and $112,500 for past impairment of earning ability. We remit the matter to Supreme Court to recalculate the judgment in favor of plaintiff in accordance with this memorandum. The judgments in favor of defendants Bratt and defendant Czerwiak against third-party defendant Fields must likewise be recalculated upon remittal. We have examined the remaining issues raised by defendants and third-party defendant and find them either unpreserved or lacking in merit. (Appeals from Judgment of Supreme Court, Oswego County, Nicholson, J.—Negligence.) Present—Denman, P. J., Green, Fallon, Callahan and Doerr, JJ.

■ STEVEN D. BURDICK, Respondent-Appellant, v RANDALL E. BRATT et al., Appellants-Respondents and Third-Party Plaintiffs, et al., Defendant and Third-Party Plaintiff. CAROL A. FIELDS, Third-Party Defendant-Appellant-Respondent. (Appeal No. 2.) [612 NYS2d 993] —Appeals unanimously dismissed without costs (see, Smith v Catholic Med. Ctr., 155 AD2d 435; see also, CPLR 5501 [a] [1]). (Appeals from Order of Supreme Court, Oswego County, Nicholson, J.—Set Aside Verdict.) Present—Denman, P. J., Green, Fallon, Callahan and Doerr, JJ.

■ STEVEN D. BURDICK, Plaintiff, v RANDALL E. BRATT et al., Defendants. ZIGMUND CZERWIAK, Third-Party Plaintiff-Respondent, v CAROL A. FIELDS, Third-Party Defendant-Appellant. (Appeal No. 3.) [612 NYS2d 994] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in

accordance with same Memorandum as in *Burdick v Bratt* (203 AD2d 950 [decided herewith]). (Appeal from Judgment of Supreme Court, Oswego County, Nicholson, J.—Negligence.) Present—Denman, P. J., Green, Fallon, Callahan and Doerr, JJ.

■ STEVEN D. BURDICK, Plaintiff, v RANDALL E. BRATT et al., Defendants. RANDALL E. BRATT et al., Third-Party Plaintiffs-Respondents, v CAROL A. FIELDS, Third-Party Defendant-Appellant. (Appeal No. 4.) [612 NYS2d 994] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with same Memorandum as in *Burdick v Bratt* (203 AD2d 950 [decided herewith]). (Appeal from Judgment of Supreme Court, Oswego County, Nicholson, J.—Negligence.) Present—Denman, P. J., Green, Fallon, Callahan and Doerr, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL P. FOLEY, Appellant. [612 NYS2d 1022] —Judgment unanimously affirmed. Memorandum: County Court did not err in admitting in evidence the electrical cord, the nylon stocking and the pillow *(see, People v Julian,* 41 NY2d 340, 342; *People v Connelly,* 35 NY2d 171, 174). In any event, in light of the overwhelming proof of defendant's guilt, the admission of that evidence is harmless *(see, People v Crimmins,* 36 NY2d 230, 242). Defendant was not denied due process of law by the delay in the assignment of appellate counsel to prosecute the appeal because he failed to demonstrate prejudice as a result of that delay *(see, People v Cousart,* 58 NY2d 62; *People v Barber,* 154 AD2d 882, *lv denied* 75 NY2d 810, 917; *People v Pratt,* 149 AD2d 956). Lastly, we are satisfied that the sentencing court considered all appropriate factors in imposing sentence and we find no basis on the record to substitute our discretion for that of the sentencing court *(see, People v Farrar,* 52 NY2d 302). (Appeal from Judgment of Herkimer County Court, Bergin, J.—Robbery, 1st Degree.) Present—Pine, J. P., Balio, Lawton, Davis and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID HUERTAS, Appellant. [611 NYS2d 392] —Judgment affirmed. Memorandum: Defendant allegedly engaged in plea negotiations with the District Attorney that included testifying against a codefendant. The codefendant thereafter entered