■ R. M. NEWELL Co., INC., Appellant, v RICHARD R. RICE et al., Respondents. [653 NYS2d 1004] —Order unanimously affirmed with costs. Memorandum: Plaintiff appeals from an order granting defendants' motions for summary judgment dismissing the complaint. Plaintiff contends that Supreme Court should not have relied on the deposition of Richard M. Newell, plaintiff's President and controlling shareholder; that, as a matter of law, defendant Richard R. Rice is liable for breach of his fiduciary obligations to plaintiff; and that, as a matter of law, defendants Fisher Controls International, Inc. (Fisher), and Process Management, Inc. (Process), are liable for inducing Rice to breach his fiduciary obligations to plaintiff.

The court properly considered Richard Newell's deposition in support of defendants' motions for summary judgment. The transcripts were certified as accurate by the court reporter, who sent them to the witness for his review and signature. Thus, pursuant to CPLR 3116 (a), the deposition is usable as though signed. In any event, any statutory proscription against the use of a transcript as a "deposition" would not preclude its use as an admission of plaintiff's controlling principal. CPLR 3212 (b) states that "written admissions" may be submitted on a summary judgment motion. Further, rules of evidence provide for admissibility of admissions of an opposing party regardless of whether they are in the form of a deposition. Thus, irrespective of whether it qualified as a "deposition" under CPLR 3116, the transcript constituted proof in admissible form (*see, Zuckerman v City of New York*, 49 NY2d 557, 562). Defendants were properly granted summary judgment. As a matter of law, plaintiff did not sustain damages, an essential element of its causes of action against defendants (*see generally, S & K Sales Co. v Nike, Inc.*, 816 F2d 843, 847-848 [2d Cir] [applying New York law], citing *Whitney v Citibank*, 782 F2d 1106, 1115 [2d Cir] [applying New York law]; *Ault v Soutter*, 204 AD2d 131; *105 E. Second St. Assocs. v Bobrow*, 175 AD2d 746, 746-747). Plaintiff's balance sheets and profit and loss statements contradict the allegation that plaintiff lost $1,000,000 per year in business beginning in 1982. Instead, those documents establish that, on the whole, plaintiff's gross revenues after January 1, 1982 far exceeded those earned before that date and, further, that plaintiff was far more profitable after 1982 than before. Because plaintiff thus sustained no damages following the alleged breach, the complaint was properly dismissed (*cf., Drucker v Mige Assocs. II*, 225 AD2d 427, *lv denied* 88 NY2d 807).

Further, as a matter of law, any damages sustained by plaintiff were not proximately caused by wrongful conduct on the part of defendants, an essential element of plaintiff's causes of action against defendants (*see generally, Marcus v Marcus*, 92 AD2d 887; *Pace v Perk*, 81 AD2d 444, 445; *S & K Sales Co. v Nike, Inc., supra*, at 847-848). The record establishes that Fisher had determined to end its relationship with Richard Newell whether or not Rice and Newell could agree on the transfer of Newell's interest in plaintiff. Thus, even if Rice had not left plaintiff's employ and started his own corporation, Fisher would have terminated its contract with plaintiff, which it had every right to do (*see, Newell Co. v Rice*, 158 AD2d 993). Under the circumstances, plaintiff's damages, if any, were proximately caused by Fisher's nonrenewal of the contract with plaintiff,

and were not attributable to Rice's alleged breach of fiduciary duty or Fisher's and Process' unlawful inducement of such breach (*see, Stoeckel v Block,* 170 AD2d 417). In the absence of a causal link between defendants' alleged wrongful conduct and plaintiff's alleged damages, the complaint must be dismissed (*see, Stoeckel v Block, supra,* at 417). (Appeal from Order of Supreme Court, Erie County, Michalek, J.—Summary Judgment.) Present—Denman, P. J., Lawton, Doerr and Balio, JJ.