N.K. INTERNATIONAL, INC., et al., Respondents-Appellants, v DAE HYUN KIM, Appellant-Respondent, et al., Defendants. [892 NYS2d 77]—

Upon plaintiffs' demonstration that defendant Kim breached his fiduciary duty as an employee by secretly diverting purchase orders from his employer, plaintiff N.K., to himself and a newly-formed corporation (D&K), plaintiffs were entitled to recover damages calculated on the basis of what the employer would have made of the diverted corporate opportunity (*Harry R. Defler Corp. v Kleeman*, 19 AD2d 396, 403-404 [1963], *affd* 19 NY2d 694 [1967]; see *Duane Jones Co. v Burke*, 306 NY 172, 192 [1954]). Plaintiffs met their burden of establishing with reasonable certainty the net amount of profit N.K. would have earned on the diverted orders through the testimony of N.K.'s owner and his expert, whose calculations were supported by voluminous documentary evidence (see *E. W. Bruno Co. v Friedberg*, 28 AD2d 91, 92-95 [1967], *affd* 23 NY2d 798 [1968]). In opposition, defendant failed to substantiate his claims that some purchase orders were cancelled through no fault of D&K, or the amount or relevance of a claimed loss suffered as a result of one

customer's bankruptcy. The decision of the factfinder, supported by a fair interpretation of the evidence, will not be disturbed upon appeal (*Reichman v Warehouse One*, 173 AD2d 250, 252 [1991], *lv denied* 78 NY2d 1058 [1991]).

We further find that the trial court's conclusion that plaintiffs failed to establish any claim against the corporate defendant, D&K, which realized little if any profit on the orders diverted to it, is supported by the record (*see Duane Jones Co. v Burke* at 188-189). Concur—Gonzalez, P.J., Tom, Sweeny, Freedman and Abdus-Salaam, JJ.