Village Green E. Holdings LLC v Blaakman (2023 NY Slip Op 05082)

Village Green E. Holdings LLC v Blaakman

2023 NY Slip Op 05082

Decided on October 6, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, GREENWOOD, AND NOWAK, JJ.

706 CA 22-01941

[*1]VILLAGE GREEN EAST HOLDINGS LLC, DOING BUSINESS AS FIRST CHOICE GLASS, PLAINTIFF-APPELLANT,
v
GLEN BLAAKMAN AND GLASS ELEGANCE LLC, DEFENDANTS-RESPONDENTS. 

DAVID H. TENNANT, ROCHESTER, FOR PLAINTIFF-APPELLANT.
BOND, SCHOENECK & KING, PLLC, ROCHESTER (CLAIRE G. BOPP OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from a judgment of the Supreme Court, Monroe County (J. Scott Odorisi, J.), entered October 26, 2022. The judgment, among other things, awarded money damages to plaintiff as against defendant Glen Blaakman. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: In early 2019, defendant Glen Blaakman was employed by plaintiff, a commercial glass business that earned 20 to 25% of its gross revenue from its wholesale business, which sold glass to other local glass shops. As plaintiff's operations manager, Blaakman was responsible for, inter alia, contacting wholesale customers and ordering glass for their commercial jobs and determining pricing. Blaakman ended his employment with plaintiff on April 26, 2019, and began working for defendant Glass Elegance LLC (Glass Elegance).
Plaintiff commenced this action asserting various causes of action, including, as relevant to this appeal, a cause of action against Blaakman for breach of fiduciary duty, a cause of action against Glass Elegance for aiding and abetting breach of fiduciary duty, and a faithless servant cause of action against Blaakman. Plaintiff alleged that Glass Elegance was formerly its customer but was now a competitor in the wholesale business. After a bench trial, Supreme Court granted a judgment in favor of plaintiff against Blaakman in the amount of $5,169.98 for breach of fiduciary duty and $4,967 for faithless servant, plus interest. The amount awarded for breach of fiduciary duty represented the lost profits on 61 orders from seven customer accounts that Blaakman diverted to Glass Elegance in April 2019 while he was still employed by plaintiff. The amount awarded for faithless servant represented Blaakman's salary and benefits from April 1, 2019, until April 26, 2019. Plaintiff now appeals.
Where, as here, the appeal follows a nonjury trial, "the Appellate Division has 'authority . . . as broad as that of the trial court . . . and . . . may render the judgment it finds warranted by the facts' " (Sweetman v Suhr, 159 AD3d 1614, 1615 [4th Dept 2018], lv denied 31 NY3d 913 [2018], quoting Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; see Buchmann v State of New York, 214 AD3d 1412, 1413 [4th Dept 2023]). "Nonetheless, the decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence" (Unger v Ganci [appeal No. 2], 200 AD3d 1604, 1605 [4th Dept 2021] [internal quotation marks omitted]; see Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992], rearg denied 81 NY2d 835 [1993]; Davis v Hinds, 215 AD3d 1242, 1243 [4th Dept 2023]).
Plaintiff contends that the court abused its discretion in precluding plaintiff from introducing expert testimony regarding the diminution in value of its wholesale business. [*2]Although we agree with plaintiff that it is not estopped from contesting the court's in limine ruling on the ground that plaintiff withdrew its prior appeal from that order (cf. Bray v Cox, 38 NY2d 350, 353-355 [1976]; Montalvo v Nel Taxi Corp., 114 AD2d 494, 494 [2d Dept 1985], lv dismissed in part & denied in part 68 NY2d 643 [1986]; see generally Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750, 755-756 [1999]), we nevertheless reject plaintiff's contention (see generally Dischiavi v Calli, 125 AD3d 1435, 1436 [4th Dept 2015]). In a cause of action for breach of fiduciary duty, damages may be measured by calculating the employee's improper gain or by calculating the employer's lost profits arising from the employee's wrong (see Gomez v Bicknell, 302 AD2d 107, 113-114 [2d Dept 2002], lv dismissed in part & denied in part 100 NY2d 574 [2003]; Gibbs v Breed, Abbott & Morgan, 271 AD2d 180, 188-189 [1st Dept 2000]). Plaintiff elected to seek as damages the net loss of profits from the business diverted by Blaakman (see Gibbs, 271 AD2d at 189; see generally Gomez, 302 AD2d at 114), and plaintiff provided no authority for the proposition that the "larger category of damages" of a decrease in plaintiff's value would be a proper measure of damages for the breach of fiduciary duty cause of action.
Contrary to plaintiff's contention, the court's damages determination on the breach of fiduciary duty cause of action is supported by a fair interpretation of the evidence. Although plaintiff sought three years of lost opportunities for profits from the seven diverted accounts, plaintiff failed to establish that Blaakman's breach of fiduciary duty was the cause of those lost opportunities (see Gibbs, 271 AD2d at 189; R.M. Newell Co. v Rice, 236 AD2d 843, 844 [4th Dept 1997], lv denied 90 NY2d 807 [1997]; Stoeckel v Block, 170 AD2d 417, 417 [1st Dept 1991]). Rather, the evidence showed that Blaakman had established relationships with customers who would have followed Blaakman to Glass Elegance regardless of Blaakman's breach.
We reject plaintiff's further contention that the court erred in concluding that plaintiff did not establish that Glass Elegance aided and abetted Blaakman's breach of fiduciary duty. "A claim for aiding and abetting a breach of fiduciary duty requires: (1) a breach by a fiduciary of obligations to another, (2) that the defendant knowingly induced or participated in the breach, and (3) that plaintiff suffered damage as a result of the breach" (Ginsberg Dev. Cos., LLC v Carbone, 134 AD3d 890, 893-894 [2d Dept 2015] [internal quotation marks omitted]; see Schroeder v Pinterest Inc., 133 AD3d 12, 25 [1st Dept 2015]). The court determined that plaintiff failed to establish that Glass Elegance knowingly participated in the breach of fiduciary duty, and its determination is supported by a fair interpretation of the evidence.
Under the faithless servant doctrine, which applies when an employee breaches the duty of loyalty owed to the employer, "[o]ne who owes a duty of fidelity to a principal and who is faithless in the performance of [their] services is generally disentitled to recover [their] compensation, whether commissions or salary" (Feiger v Iral Jewelry, 41 NY2d 928, 928 [1977]). Here, the court determined that plaintiff was limited to recovering the amount it paid to Blaakman during April 2019, and we reject plaintiff's contention that it is also entitled to recover the salary and benefits it paid to Blaakman from February 25, 2019, through March 31, 2019. Plaintiff relies on certain emails sent by Blaakman to third parties during that period. The court, however, determined that the evidence established that those communications were made to promote plaintiff's relations with its clients or were made with companies who were no longer plaintiff's customers and thus did not result in any monetary loss to plaintiff. We conclude that the court's determination is based on a fair interpretation of the evidence.
Finally, we reject plaintiff's contention that the court erred in declining to award punitive damages; Blaakman did not "manifest evil or malicious conduct beyond any breach of [fiduciary] duty" (Dupree v Giugliano, 20 NY3d 921, 924 [2012], rearg denied 20 NY3d 1045 [2013]).
Entered: October 6, 2023
Ann Dillon Flynn
Clerk of the Court