Tavor v 391 Broadway LLC (2024 NY Slip Op 00824)

Tavor v 391 Broadway LLC

2024 NY Slip Op 00824

Decided on February 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 15, 2024

Before: Moulton, J.P., Friedman, Gesmer, Mendez, Rodriguez, JJ. 

Index No. 651848/17 Appeal No. 1675 Case No. 2023-03074 

[*1]Ilan Tavor, Plaintiff-Appellant,
v
391 Broadway LLC et al., Defendants-Respondents.

Warren S. Dank, P.C., Syosset (Warren S. Dank of counsel), for appellant.
Johnson & Associates, New York (Bruce D. Johnson of counsel), for respondents.

Order, Supreme Court, New York County (Judy H. Kim, J.), entered on or about May 24, 2023, which, insofar appealed from as limited by the briefs, dismissed plaintiff's breach of contract and unjust enrichment claims after a bench trial, unanimously modified, on the law and the facts, to reinstate the contract claim and to award plaintiff judgment thereon as against defendant Gil Boosidan in the amount of $300,000 plus interest at the annual rate of 9% from August 17, 2017, to the date of entry of judgment, and otherwise affirmed, without costs.
We agree with the trial court that the October 12, 2015 email from Boosidan to plaintiff was not an enforceable contract; plaintiff's response — "Let[']s get this executed . . . so we can proceed" — shows that he did not believe the email, by itself, was a binding agreement (see Kolchins v Evolution Mkts., Inc., 31 NY3d 100, 106-107 [2018]).
However, the court improvidently exercised its discretion by refusing to let plaintiff use Boosidan's deposition (see CPLR 3117[a][2]; Gonzalez v Medina, 69 AD2d 14, 21 [1st Dept 1979]). Since the deposition confirmed the main terms of the November 30, 2015 agreement between plaintiff, on the one hand, and Boosidan and defendant 391 Broadway LLC on the other, the court should have admitted plaintiff's trial exhibit 2 — a photocopy of the November 30, 2015 contract — in evidence (see Thomson v Rubenstein, 31 AD3d 434, 436 [2d Dept 2006]; Dependable Lists v Malek, 98 AD2d 679, 680 [1st Dept 1983], appeal dismissed 62 NY2d 645 [1984]).
Defendants' only defense to plaintiff's contract claim was that he had breached the contract; however, the court dismissed their contract counterclaim, and they have not cross-appealed. According to the agreement, even if the building located at 391 Broadway was not sold, Boosidan was supposed to pay plaintiff $300,000 by August 18, 2017. The contract provided for interest; in addition, plaintiff is entitled to 9% interest pursuant to CPLR 5001(a) and (b) and 5004(a).
The court properly declined to award plaintiff $200,000 for his 4% membership interest in 391 Broadway LLC or $250,000 for the loss of his 5% membership interest in nonparty B & H 225 E82 LLC. The evidence presented by plaintiff did not permit his loss to be ascertained with reasonable certainty (see Reichman v Warehouse One, 173 AD2d 250, 252 [1st Dept 1991]).
As to plaintiff's unjust enrichment claim, even assuming the court should not have sua sponte converted the unjust enrichment claim to a quantum meruit claim and then dismissed it for failure to prove an element of quantum meruit, the error was harmless;
plaintiff would not have prevailed on an unjust enrichment claim because an actual agreement between the parties existed (see Georgia Malone & Co., Inc. v Rieder, 19 NY3d 511, 516 [2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 15, 2024