Young Adult Inst., Inc. v Corporate Source, Inc. (2025 NY Slip Op 01334)

Young Adult Inst., Inc. v Corporate Source, Inc.

2025 NY Slip Op 01334

Decided on March 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 11, 2025

Before: Moulton, J.P., Kennedy, Mendez, Rodriguez, JJ. 

Index No. 654923/16|Appeal No. 3874|Case No. 2023-01853|

[*1]Young Adult Institute, Inc., et al., Plaintiffs-Respondents-Appellants,
v
The Corporate Source, Inc., et al., Defendants-Appellants-Respondents, Joe Garcia Cardona, Defendant. [And Another Action]

Morrison Cohen LLP, New York (Y. David Scharf of counsel), for appellants-respondents.
Ruskin Moscou Faltischek, P.C., Uniondale (Norman R. Cerullo of counsel), for respondents-appellants.

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered March 15, 2023, which, insofar as appealed from as limited by the briefs, (a) granted plaintiffs' motion for summary judgment in their favor on plaintiff Young Adult Institute, Inc.'s (YAI's) claim against defendants Vivek Sawhney, Kelly Quinn, Scott Lapoff, and Curtis Baer for breach of the duty of loyalty (first cause of action) and denied defendants' motions for summary judgment dismissing the claim; (b) granted plaintiffs' motion for summary judgment in their favor on YAI's claim for aiding and abetting that breach insofar as asserted against defendant The Corporate Source, Inc. (Corporate Source) (second cause of action) and denied defendants' motions for summary judgment dismissing the claim; (c) denied plaintiffs' motion for summary judgment in their favor on this claim insofar as asserted against defendants Jerome D. Blaine, Michael Kramer, and Margaret Brown, and denied defendants' motions for summary judgment dismissing the claim; (d) denied defendants' motions for summary judgment dismissing YAI's request for punitive damages on the first and second causes of action; (e) denied plaintiffs' motion for summary judgment in their favor on YAI's request for employee replacement costs and revenue disgorgement damages on these claims, and denied defendants' motion for summary judgment dismissing the claim; (f) denied plaintiffs' motion for summary judgment in their favor on plaintiff International Institute for People with Disabilities of Puerto Rico's (IIPD's) claim for aiding and abetting a breach of the duty of loyalty by defendant Joe Garcia Cardona (Garcia) insofar as asserted against Corporate Source (seventh cause of action), and denied defendants' motions for summary judgment dismissing the claim; (g) granted defendants' motions for summary judgment and denied plaintiffs' motion for summary judgment in their favor on this claim insofar as asserted against Blaine, Kramer, and Brown; (h) denied plaintiffs' motion for summary judgment in their favor on IIPD's claim for tortious interference with prospective economic relations insofar as asserted against Corporate Source, Blaine, Kramer, and Brown (eighth cause of action), and denied defendants' motions for summary judgment dismissing the claim; and (i) denied plaintiffs' motion for summary judgment in their favor on YAI's claim for tortious interference with contract insofar as asserted against Corporate Source, Blaine, Kramer, and Brown (ninth cause of action), and granted defendants' motion for summary judgment dismissing the claim, unanimously modified, on the law, and (1) defendants' motions for summary judgment granted and plaintiffs' motion for summary judgment denied as to the first cause of action to the extent it is predicated on the sharing with Corporate Source of its own information; (2) plaintiffs' motion for summary judgment denied as to the first cause of action to the extent it is predicated on the [*2]sharing with Corporate Source of information from the H Drive as to which it is not clear whether it belonged to Corporate Source; (3) defendants' motions for summary judgment denied as to the second cause of action insofar as asserted against Kramer and Brown; (4) defendants' motions for summary judgment granted as to YAI's request for punitive damages on the first and second causes of action; and (5) defendants' motions for summary judgment denied as to the eighth cause of action insofar as asserted against Corporate Source, and otherwise affirmed, without costs.
The finding of liability on plaintiff YAI's claim against defendants Vivek Sawhney, Kelly Quinn, Scott Lapoff, and Curtis Baer (the Employees) for breach of the duty of loyalty (first cause of action) was proper, except insofar as this claim is predicated on the sharing with defendant The Corporate Source, Inc. of its own information, as to which it should be dismissed (see generally Veritas Capital Mgt., L.L.C. v Campbell, 82 AD3d 529, 530 [1st Dept 2011], lv dismissed 17 NY3d 778 [2011]; Bon Temps Agency v Greenfield, 184 AD2d 280, 281 [1st Dept 1992], lv dismissed 81 NY2d 759 [1992]). Insofar as it is not clear whether all of the information shared with Corporate Source belonged to Corporate Source (specifically, on its computer H Drive), issues of fact preclude summary judgment for either party. The Employees did not owe any duties to Corporate Source, let alone any that would supersede the duties they owed to YAI. The Employees were not employed by Corporate Source at the time of the alleged misconduct and were not parties to the management agreement between Corporate Source and YAI. YAI did have an obligation to provide managerial services to Corporate Source through the official date of contract termination — which services were effectively provided by the Employees. This would have encompassed an obligation to provide any Corporate Source information that was being maintained by YAI, but would not have encompassed an obligation to help Corporate Source replace YAI with a combination of in-house service providers and other vendors.
The finding of liability on YAI's claim for aiding and abetting the Employees' breach (second cause of action) was proper as to Corporate Source (see Kaufman v Cohen, 307 AD2d 113, 126 [1st Dept 2003]). The existence of "substantial assistance" is not meaningfully disputed. It is clear, under the circumstances, that Corporate Source also had "actual knowledge" that the Employees' actions would be in breach of their duty of loyalty to YAI. The economic interest defense does not defeat this claim, which is at any rate generally a defense to a claim of tortious interference (see White Plains Coat & Apron Co., Inc. v Cintas Corp., 8 NY3d 422, 426 [2007]).
YAI's request for punitive damages on the first and second causes of action should be dismissed. While intentional and self-interested, defendants' wrongdoing did not rise to the level of moral culpability [*3]necessary to support punitive damages (see Design Strategies, Inc. v Davis, 384 F Supp 2d 649, 669-670 [SD NY 2005], affd 469 F3d 284 [2d Cir 2006]; see also Rand & Paseka Mfg. Co. v Holmes Protection, 130 AD2d 429, 431 [1st Dept 1987], lv denied 70 NY2d 615 [1988]).
There is also no proper legal basis to award employee replacement costs or revenue disgorgement damages on these claims. The standard measure of damages for an employee's breach of the duty of loyalty is the disgorgement of his or her compensation during the period of disloyalty (see Feiger v Iral Jewelry., 41 NY2d 928, 928-929 [1977]). YAI is not additionally entitled to recover the costs of replacing the Employees because, as at-will employees not subject to covenants not to compete, they were free to leave YAI to work elsewhere, including for Corporate Source, and Corporate Source was free to recruit them (see Headquarters Buick-Nissan, Inc. v Michael Oldsmobile, 149 AD2d 301-302, 304 [1st Dept 1989]; Catalogue Serv. of Westchester v Henry, 107 AD2d 783, 784 [2d Dept 1985]). Although YAI is also entitled to "damages for the wrongful diversion of its business measured by the opportunities for profit on the accounts diverted from it through defendants' conduct" (see Maritime Fish Prods., v World-Wide Fish Prods., 100 AD2d 81, 91 [1st Dept 1984], appeal dismissed 63 NY2d 675 [1984] [internal quotation marks omitted]), this entitles it to an award reflecting its own lost profits, which may be measured "by reference to the profits made by defendants from clients or business opportunities diverted from plaintiff," not to the disgorgement of Corporate Source's revenue, whether or not related to the diversion of clients or business opportunities from YAI (Epstein Eng'g, P.C. v Cataldo, 124 AD3d 420, 421 [1st Dept 2015]; see N.K. Intl., Inc. v Dae Hyun Kim, 68 AD3d 608, 608 [1st Dept 2009]). Plaintiffs have presented no evidence as to how much of Corporate Source's gross revenue YAI could reasonably have expected to count as its own profits absent the Employees' breach (see Stoeckel v Block, 170 AD2d 417, 417 [1st Dept 1991]). YAI also had no "tangible expectancy" of continued management fees from Corporate Source, as the management agreement had already expired.
Summary disposition of plaintiff International Institute for People with Disabilities of Puerto Rico's (IIPD's) claim for aiding and abetting a breach of the duty of loyalty by defendant Joe Garcia Cardona (seventh cause of action) was properly denied as to Corporate Source. Issues of fact exist as to whether the IIPD Board validly ratified the decision not to apply for grant funding on behalf of IIPD, thereby rendering this decision subject to the business judgment rule and not a proper basis for a finding of a breach of fiduciary duty (see Owen v Hamilton, 44 AD3d 452, 455-456 [1st Dept 2007], lv dismissed 10 NY3d 757 [2008]). It is, however, clear that IIPD suffered at least some damages as a result of the decision not to apply [*4]f0r grant funding in 2016.
We note that IIPD's failure to maintain its corporate existence throughout the duration of this suit is not a proper independent basis to dismiss its claims, as it had not yet dissolved when it asserted its claims in the amended complaint (see Business Corporation Law §§ 1005, 1006; MMI Trading, Inc. v Nathan H. Kelman, Inc., 120 AD3d 478, 479-480 [2d Dept 2014]).
IIPD's claim for tortious interference with prospective economic relations (eighth cause of action) should be reinstated as against Corporate Source, but summary disposition of this claim is inappropriate, as the claim is not duplicative of the seventh cause of action. "[T]here is generally no prohibition against pleading alternative tort claims" and "[t]he cases relied upon. . . speak rather to whether tort claims may be pleaded alongside contract claims" (Chazen v Ma, 223 AD3d 608, 609-610 [1st Dept 2024]). While it is clear that Corporate Source intentionally interfered with IIPD's business relations with the Commonwealth of Puerto Rico, issues of fact exist as to whether Corporate Source accomplished this interference through wrongful means (see Carvel Corp. v Noonan, 3 NY3d 182, 189-191 [2004]).
YAI's claim for tortious interference with economic relations (ninth cause of action) was properly dismissed. There is no evidence that Corporate Source intentionally procured IIPD's breach of its management agreement with YAI. This agreement had, at any rate, already expired, so IIPD was free to stop using YAI's services at any time.
All claims against defendant Jerome D. Blaine were properly dismissed based on his limited involvement in the conduct at issue and because he is entitled to immunity under Not-for-Profit Corporation Law § 720-a as an uncompensated member of the board of a nonprofit corporation. Blaine's Not-for-Profit Corporation Law § 720-a defense is properly considered notwithstanding that it was not raised in his motions to dismiss or in his answer because this is not among the defenses expressly deemed to be waived under CPLR 3211(e) if not asserted in such filings (see CPLR 3211[a][11], [e]).
The tortious interference claims (eighth and ninth causes of action) were also properly dismissed as against defendants Michael Kramer and Margaret Brown based on the absence of any showing that "the acts of the defendant corporate officers which resulted in the tortious interference . . . either were beyond the scope of their employment or, if not, were motivated by their personal gain, as distinguished from gain for the corporation" (Petkanas v Kooyman, 303 AD2d 303, 305 [1st Dept 2003]; see Joan Hansen & Co. v Everlast World's Boxing Headquarters Corp., 296 AD2d 103, 108-110 [1st Dept 2002]). The seventh cause of action should also be dismissed on this basis because the alleged underlying breach of fiduciary duty essentially amounts to a tortious interference with prospective economic relations (see AHA Sales, Inc. v Creative Bath Prods., Inc., 58 [*5]AD3d 6, 23 [2d Dept 2008]). This is not, however, a proper basis to dismiss the second cause of action, which is not based on a tortious interference with contract and is thus subject to the general rule that "a corporate officer who participates in the commission of a tort can be held personally liable even if the participation is for the corporation's benefit" (Retropolis, Inc. v 14th St. Dev. LLC, 17 AD3d 209, 211 [1st Dept 2005]). Issues of fact regarding the level of these defendants' participation in the conduct that is the subject of this claim preclude summary disposition thereof.
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 11, 2025