■ JOYCE REBHAN, Respondent, v CITY OF NEW YORK et al., Appellants.—In an automobile negligence action to recover damages for personal injuries, (1) the defendant City of New York appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Richmond County (Sullivan, J., at trial on liability; Sangiorgio, J., at trial on damages), dated June 5, 1984, as is in favor of the plaintiff and against it in the principal sum of $4,000,000, and (2) the defendant Patricia Bellavigna appeals, as limited by her brief, from so much of the same judgment as is in favor of the plaintiff and against her in the principal sum of $4,000,000.

Judgment reversed insofar as appealed from, on the facts and as a matter of discretion, without costs or disbursements, and a new trial granted on the issue of damages only, unless within 20 days after service upon the plaintiff of a copy of the order to be made hereon, with notice of entry, she shall serve and file in the office of the Clerk of the Supreme Court, Richmond County, a written stipulation consenting to reduce the verdict as to damages to the principal sum of $2,500,000.

In the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements. The findings of fact as to liability are affirmed.

The evidence adduced at the trial revealed that the plaintiff, Joyce Rebhan, sustained permanent injuries rendering her a quadriplegic, when the car in which she was a passenger collided into the rear of a vehicle owned by the City of New York on the West Shore Expressway in Staten Island. The defendant Patricia Bellavigna, the driver of the car in which the plaintiff was a passenger, testified that she noticed the city vehicle when she was approximately 100 to 150 feet behind it and that it was either stationary or moving very slowly with its lights off. She testified that even though she applied her brakes, she was unable to avoid a collision with the slow-moving city vehicle and struck it from behind. The operator of the city vehicle testified that he did, in fact, have his lights on and that he was driving at 45 to 50 miles per hour. After a trial on the issue of liability, the jury determined that both the city and Bellavigna were liable to the plaintiff Rebhan and apportioned their respective degrees of culpability at 15% and 85% each.

On appeal, the City of New York argues, *inter alia,* that the jury's finding of partial liability as to it is irrational and inconsistent. The city theorizes that by attributing 85% of the fault in the happening of the accident to the defendant Bellavigna, the jury necessarily rejected her account of the accident in toto and could not therefore rationally attribute any fault to the city. We disagree. On this record, the jury, attributing the principal fault for the happening of the accident to the defendant Bellavigna, as it did, credited portions of testimony and concluded that the operation of the city vehicle also contributed, in part, to this occurrence. Accordingly, it cannot be said that the jury's verdict as to liability was improper.

However, the verdict with respect to the amount of damages was excessive to the extent indicated. Mangano, J. P., Brown, Weinstein and Spatt, JJ., concur.