■ JACKLINE LAMISCARRE, Respondent, v KORVETTES DEPARTMENT STORES, Appellant.—In a negligence action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Bernstein, J., at trial on liability; I. Aronin, J., at trial on damages), dated October 4, 1985, which is in favor of the plaintiff and against it in the principal sum of $700,000.

Ordered, that the judgment is reversed, on the facts and as a matter of discretion, and a new trial is granted with respect to the issue of damages only, with costs to abide the event, unless within 20 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, she shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages to the principal sum of $350,000, and to the

entry of an amended judgment accordingly; in the event the plaintiff so stipulates, the judgment, as so reduced and amended, is affirmed, without costs or disbursements. The findings of fact as to liability are affirmed.

On the record before us, we cannot say that the verdict with respect to liability was against the weight of the evidence *(see, e.g., Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507; *Nicastro v Park,* 113 AD2d 129).

However, we agree with the defendant's contention that the verdict as to damages was excessive. The plaintiff's injury consists of a herniated disc located at the L4-L5 region. At the time of the trial, she had been hospitalized once for 18 days and was suffering from residual pain. The plaintiff's physician testified that she could work part time but advised against working full days. The plaintiff's case concerning lost earnings was sketchy and speculative at best. In fact, her only work history indicated that she had worked as a typist at minimum wage. Moreover, there was no evidence concerning special medical damages except for her doctor's testimony that she was a candidate for a surgical procedure, which would cost anywhere between $11,500 and $13,000. We, therefore, conclude that the verdict was excessive to the extent indicated *(see, e.g., Senko v Fonda,* 53 AD2d 638).

We have examined the defendant's remaining contentions concerning certain evidentiary rulings at both the liability and damages trials and find them to be without merit. Brown, J. P., Niehoff, Sullivan and Harwood, JJ., concur.