■ RAYMOND FULD, Respondent, v FORD MOTOR COMPANY et al., Appellants.—In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Westchester County (Wood, J.), dated July 8, 1986, which set aside a jury verdict in their favor and ordered a new trial.

Ordered that the order is affirmed, with costs.

In the motor vehicle accident giving rise to the instant lawsuit, the defendants' vehicle struck the rear of the plaintiff's vehicle on an unlighted road on a clear night with good visibility. The defendant driver pleaded guilty to driving while intoxicated. The jury determined that while the defendant driver was negligent in the operation of his motor vehicle, such negligence was not a proximate cause of this accident. In our view, this jury finding that the negligence of the defendant driver in striking the rear of plaintiff's vehicle was not a proximate cause of the accident was against the weight of the credible evidence and could not have been reached by any "fair interpretation of the evidence" (*De Luca v Kameros,* 130 AD2d 705, 706; *Quadrozzi v Norcem Inc.,* 125 AD2d 559; *Nicastro v Park,* 113 AD2d 129; see also, *Rebhan v City of New York,* 122 AD2d 31; *O'Callaghan v Flitter,* 112 AD2d 1030; *Bendet v Woods,* 109 AD2d 724).

We further find that, under the circumstances of this case, an "emergency charge" should not have been given (see, *Pescetti v Mastrodominico,* 79 AD2d 970, *affd* 54 NY2d 633).

We have considered the defendants' remaining contention and find it to be without merit. Brown, J. P., Eiber, Kunzeman and Spatt, JJ., concur.