■ JOHN L. DITTRICH et al., Appellants, v CITY OF NEW YORK, Respondent.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Lerner, J.), dated December 30, 1986, which granted the defendant's motion to set aside a verdict in the plaintiffs' favor as against the weight of the evidence, and ordered a new trial.

Ordered that the order is affirmed, without costs or disbursements, unless within 20 days after the service upon the plaintiffs of a copy of this decision and order, together with notice of entry, the plaintiffs shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the verdict as to damages to the principal amount of $450,000, and to the entry of a judgment accordingly. In the event the plaintiffs so stipulate, then the order is reversed, without costs or disbursements, the defendant's motion to set aside the verdict, as so reduced by stipulation, is denied, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment accordingly.

At the trial on the issue of damages only, the plaintiff John Dittrich testified that after he was injured in September 1980 he began to suffer back pain which grew progressively worse. In November 1981 he underwent a laminectomy in an attempt to alleviate the pain but there was almost no improvement. As a result he was no longer able to engage in most normal activities and he was homebound most of the time. During cross examination he was questioned about his ability to drive a car and lift objects. He claimed that he drove "minimally" for only a mile or so at a time and alleged that he could not lift "anything of any weight". When asked specifically if he could lift or carry a suitcase he denied that he could.

The defendant City of New York presented testimony from a private investigator who observed the activities of the plaintiff over a four-day period. During this time the injured plaintiff was seen leaving his home on several occasions and driving away in his car. One day the detective was able to follow the plaintiff and observed him as he visited a car wash

and a local department store. On the last day of his surveillance the investigator saw the injured plaintiff leave the house carrying a valise which measured two feet by three feet which he placed in the trunk of his car. The injured plaintiff accompanied by his wife then got into the car and began driving. The detective was able to follow the couple for about 12 miles until he lost them in traffic. The injured plaintiff was called back to the stand by his attorney and he conceded that his previous testimony that "I did not lift a suitcase" was incorrect.

The jury returned a verdict in favor of the injured plaintiff in the amount of $1,020,000 and in favor of his wife in the amount of $85,000 on her cause of action to recover damages for loss of consortium. The court granted the defendant's motion to set aside the verdict as against the weight of the evidence finding that the jury had failed to consider "at all" the "demonstrative evidence of misrepresentation and admitted perjury" by the injured plaintiff.

We agree with the trial court that the injured plaintiff's actions should be condemned. However, a fair interpretation of the evidence leads us to the conclusion that the injured plaintiff and his wife are entitled to damages (see, Nicastro v Park, 113 AD2d 129, 134). The plaintiffs presented the testimony of two physicians who concluded that the injured plaintiff had suffered a herniated disc as a direct result of the accident. Both doctors believed that the injured plaintiff was permanently disabled and would have significant pain for the rest of his life. Even the physician who examined the injured plaintiff on behalf of the defendant stated that he had a permanent injury and was unemployable although he disputed the conclusions of the plaintiffs' doctors that this condition was the result of the accident. He stated that the only back injury the injured plaintiff suffered as a result of his accident was an injury to the sacroiliac. During summation the defense conceded that the injured plaintiff was entitled to damages but asked the jury to award him $100,000. It is therefore clear that there was more than enough evidence for the jury to reach a verdict in favor of the plaintiffs.

We do, however, believe that the verdict was excessive and should be reduced. The injured plaintiff, by his perjured testimony, has cast substantial doubt on the extent and severity of his injury and its effect on his ability to live a normal life. However, the undisputed medical evidence reveals that he does suffer from a herniated disc for which he has already had an operation and which may require additional surgery. He

has been hospitalized several times and will apparently have some pain for the remainder of his life. Under these circumstances we believe that an award of $425,000 for both pain and suffering and lost wages represents an amount that is not disproportionate to his injury. Likewise, an award of $25,000 to his wife is reasonable in light of the loss she has sustained by virtue of her husband's condition. Kunzeman, J. P., Weinstein, Kooper and Balletta, JJ., concur