LYNNE A. KIRSCHHOFFER et al., Respondents, v BARNEY VAN DYKE, SR., et al., Appellants.

Third Department, December 26, 1991

APPEARANCES OF COUNSEL

*Michael Majewski* for appellants.

*Finkelstein, Levine, Gittelsohn & Tetenbaum, P. C. (Duncan W. Clark* of counsel), for respondents.

**OPINION OF THE COURT**

MERCURE, J.

Plaintiff Lynne A. Kirschhoffer (hereinafter Kirschhoffer) was injured when the car that she was driving collided with a dump truck. In a bifurcated trial, defendants were found solely responsible for the accident and, following a trial on the issue of damages, the jury awarded Kirschhoffer $8,595,000. Kirschhoffer's damages were separately stated in response to Supreme Court's interrogatories as follows: past pain and suffering, $325,000; lost earnings, $70,000; future pain and suffering, $7 million; and impairment of earning ability, $1.2

million. Kirschhoffer's husband, plaintiff Jay J. Kirschhoffer, was awarded the sum of $1.8 million for his derivative cause of action. On motion by defendants, Supreme Court conditionally reduced Kirschhoffer's awards for future pain and suffering and impairment of earning ability to $2.5 million and $500,000, respectively. Supreme Court also reduced the derivative award to $750,000. Plaintiffs stipulated to accept the damages as reduced by the court. This appeal by defendants ensued.

■ Initially, defendants contend that Supreme Court improperly precluded their medical expert, Robert Hendler, from testifying that Kirschhoffer would have likely required surgery had the accident not occurred. We disagree. The parties' medical experts exchanged reports pursuant to 22 NYCRR 202.17 and it was agreed that Kirschhoffer had a preexisting asymptomatic condition of spondylolisthesis and that some people with spondylolisthesis remain asymptomatic for their entire life. At trial, however, Hendler attempted to testify that Kirschhoffer's X rays showed sclerosis and osteophyte formations that made it likely that her condition would not remain asymptomatic. Because defendants offered no excuse as to why the new opinion was not included in the exchanged reports, we agree with plaintiffs that Supreme Court properly excluded the testimony (see, 22 NYCRR 202.17 [h]; Ciriello v Virgues, 156 AD2d 417, 418; Knight v Long Is. Coll. Hosp., 106 AD2d 371, 373-374; Manoni v Giordano, 102 AD2d 846, 847).

■ Defendants next contend that Supreme Court erred in refusing to instruct the jury, as requested, that Kirschhoffer was "not * * * entitled to recover for any physical ailment or disability which existed prior to the collision" (PJI 2:282). Again, we disagree. First, Supreme Court's instructions made it clear to the jury that Kirschhoffer was entitled to recover only for those injuries that were caused by defendants' negligence. Second, there was never any dispute at trial that Kirschhoffer's spondylolisthesis preexisted and was not caused by the accident. Moreover, there was no evidence that the condition was anything but latent and asymptomatic before the accident. In these circumstances, where the condition never manifested itself before the accident, the requested charge was not warranted (cf., Ortiz v Mendolia, 116 AD2d 707).

■ Defendants also contend that the award to Kirschhoffer for lost future earning capacity was based on mere speculation. Specifically, defendants argue that Kirschhoffer's testi-

mony that she was qualified to work as a secretary and intended to return to such employment after her child was old enough to go to school should be rejected as "pure speculation and surmise". It is axiomatic that the loss of future earnings or earning capacity must be established with reasonable certainty *(Johnston v Colvin,* 145 AD2d 846, 848; *Merrill v Albany Med. Center Hosp.,* 126 AD2d 66, 70 [Kane, J. P., concurring in part and dissenting in part], *mot to dismiss appeal denied* 70 NY2d 669, *appeal dismissed* 71 NY2d 990; 36 NY Jur 2d, Damages, § 68, at 118). Recovery for lost earning capacity is not limited to a plaintiff's actual earnings before the accident, however, and the assessment of damages may instead be based upon future probabilities *(see, Grayson v Irvmar Realty Corp.,* 7 AD2d 436, 439). Here, the record demonstrates that there were employment opportunities in the local school district, that Kirschhoffer did not require further training or education because she had worked as a secretary in the past *(cf., Naveja v Hillcrest Gen. Hosp.,* 148 AD2d 429, 430) and that Kirschhoffer's child began school five months after Kirschhoffer's accident. In our view, under the circumstances, plaintiffs demonstrated lost earning capacity with reasonable certainty *(see, Johnston v Colvin, supra,* at 848-849).

■ Finally, upon our review of the record, we conclude that the verdict deviates materially from what would be reasonable compensation *(see,* CPLR 5501 [c]). The awards for future pain and suffering, impairment of earning ability and derivative damages cannot be sustained. Although Kirschhoffer continues to experience pain in the lower back and legs, frequently has episodes of extreme pain and can no longer physically participate in many of the activities she enjoyed before the accident, following spinal fusion surgery her condition improved to the point where she could do some walking, sitting and light housework. Moreover, Kirschhoffer was able to drive to Maryland with her husband for a family reunion and had part-time employment at the time of trial, earning approximately $8,000 per year.

While we realize that future damages cannot be computed with exactitude, in view of Kirschhoffer's work life expectancy of 21 years and after carefully reviewing the entire record, we are of the opinion that the sum of $300,000 is the highest amount that can be justified as compensation for impairment of her earning ability. It is also our view that $1.5 million would more realistically represent reasonable compensation

for Kirschhoffer's future pain and suffering. We reach this conclusion after considering Kirschhoffer's injuries, which we in no way minimize, and several cases decided by New York courts, particularly *Eschberger v Consolidated Rail Corp.* (174 AD2d 983 [where the Fourth Department reduced to $1.7 million a verdict of $4 million for past and future pain and suffering to a railroad worker who had undergone two painful and serious surgical procedures on his back and faced the probability of further surgery]), *Pavia v Rosato* (154 AD2d 519 [where an award of $2.12 million for conscious pain and suffering to a man whose injuries included permanent paralysis, spasticity of his left side and a severe speech impairment was reduced to $1 million]), *Mesick v State of New York* (118 AD2d 214, *lv denied* 68 NY2d 611 [where an award of $2.5 million for pain and suffering to a young man rendered a quadriplegic was reduced to $1 million]), *Rush v Sears, Roebuck & Co.* (92 AD2d 1072 [where a verdict of $4 million to a young woman who suffered excruciating burns over approximately 42% of her body was reduced to $1.5 million]) and *Van Syckle v Powers* (106 AD2d 711, *lv denied* 64 NY2d 609 [where a reduced verdict of $1,390,000 to a man who was 38 years old at the time of surgery which rendered him permanently impotent was further reduced to $750,000]). *(See, Dittrich v City of New York,* 144 AD2d 335; *Lamiscarre v Korvettes Dept. Stores,* 130 AD2d 461; *Rebhan v City of New York,* 122 AD2d 31; *Durso v City of New York,* 96 AD2d 458; *Caprara v Chrysler Corp.,* 71 AD2d 515, *affd* 52 NY2d 114.) For the same reasons, the award on the derivative cause of action should be reduced to $400,000.

In conclusion, the highest amounts that can be justified by plaintiffs' evidence are $300,000 for impairment of earning ability, $1.5 million for future pain and suffering and $400,000 for derivative damages. We therefore order a new trial on the issue of damages for future pain and suffering, impairment of earning ability and derivative damages only, unless Kirschhoffer and her husband stipulate to a reduction in the verdicts in their favor from $3,395,000 to $2,195,000 and $750,000 to $400,000, respectively.

MAHONEY, P. J., CASEY, LEVINE and CREW III, JJ., concur.

Ordered that the judgment is modified, on the law and the facts, and a new trial ordered only with respect to the issue of damages that were awarded to plaintiffs for future pain and suffering, impairment of earning ability and derivative claims unless, within 20 days after service of a copy of the order

herein, plaintiffs stipulate to reduce the verdicts in their favor as indicated herein, in which event, the judgment, as so reduced, is affirmed, without costs.