■ CHARLES BROWNELL, Appellant, v DOUGLAS THOMAS, JR., Respondent. (Appeal No. 1.) [609 NYS2d 710] —Order unanimously affirmed without costs. Memorandum: Plaintiff commenced this action against defendant seeking damages for personal injuries he sustained when the motorcycle he was riding upon as a passenger collided with defendant's automobile. Following a trial, the jury awarded plaintiff $20,000 for future medical expenses, $5,000 for past pain and suffering,

$10,000 for future pain and suffering and $3,841.40 for past medical expenses.

We reject plaintiff's contention that the jury award for $10,000 for future pain and suffering should be increased. Given the testimony at trial concerning the extent and intermittent quality of plaintiff's pain, his pre-existing condition and his failure to follow his physician's advice, the award did not "deviate * * * materially from what would be reasonable compensation" (CPLR 5501 [c]; *see, Santucci v Govel Welding,* 168 AD2d 845).

Plaintiff appeals from the order granting defendant's motion to strike the jury award for future medical expenses. That order was subsumed in the judgment *(see, Matter of Aho,* 39 NY2d 241, 248; *see also,* CPLR 5501 [a] [1]). In the exercise of our discretion, we deem the appeal to have been taken from the judgment *(see, Hughes v Nussbaumer, Clarke & Velzy,* 140 AD2d 988).

Supreme Court properly granted defendant's motion to set aside the damage award for future medical expenses. The failure of plaintiff to present any basis for an award of future medical expenses with reasonable certainty made the jury's award unsupported by anything other than "uninformed speculation" *(Buggs v Veterans Butter & Egg Co.,* 120 AD2d 361; *see also, Liebman v Otis El. Co.,* 145 AD2d 546).

Finally, plaintiff's contention regarding Supreme Court's jury instruction concerning mitigation of damages was not preserved for our review. Were we to reach the issue, we would conclude that the instruction was proper in that it conveyed the proper legal principles to be applied *(see, Fafard v Ajamian,* 60 AD2d 853). (Appeal from Order of Supreme Court, Jefferson County, Gilbert, J.—Increase Damage Award.) Present—Denman, P. J., Green, Balio, Lawton and Boehm, JJ.