■ MILDRED BUTTS, Respondent, v LESLIE BRAUN, Appellant. [612 NYS2d 520] —Judgment unanimously modified on the law and as modified affirmed without costs and new trial granted on damages for future medical expenses and loss of future earnings only unless plaintiff, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to reduce the verdict for loss of future earnings to $546,000, in which event the judgment is modified accordingly and as modified affirmed without costs and new trial granted on damages for future medical expenses only. Memorandum: We conclude that Supreme Court did not err in denying defendant's request to charge the emergency doctrine in this automobile accident case. Under the circumstances of this case, defendant was not "confronted by a sudden and unforeseen occurrence not of [his] own making" (Rivera v New York City Tr. Auth., 77 NY2d 322, 327, rearg denied 77 NY2d 990; see also, McCarthy v Miller, 139 AD2d 500, 501).

Furthermore, we conclude that Supreme Court did not err in denying defendant's request to give a missing witness charge. The record demonstrates that the testimony that two doctors might be expected to give, to the effect that plaintiff sustained a herniated disk as a result of the accident, was already in the record through hospital reports and other expert testimony. Thus, that testimony would have been cumulative (see, Weinstein v Daman, 132 AD2d 547, 549, lv dismissed 70 NY2d 872, 951; see also, DeFreese v Grau, 192 AD2d 1019, 1021; Getlin v St. Vincent's Hosp. & Med. Ctr., 117 AD2d 707).

Defendant is entitled, however, to a new trial on damages for future medical expenses because the jury's award therefor deviates materially from what would be reasonable compensation (see, CPLR 5501 [c]) and the award lacks evidentiary support in the record. Therefore, we modify the judgment by vacating that portion of the judgment that awarded damages for future medical expenses and we grant a new trial on that element of damages.

Additionally, defendant is entitled to a new trial on damages for loss of future earnings because the jury's award of $840,000 deviates materially from what would be reasonable compensation (see, CPLR 5501 [c]). "The basic rule is that loss

of earnings must be established with reasonable certainty, focusing, in part, on the plaintiff's earning capacity both before and after the accident" *(Johnston v Colvin,* 145 AD2d 846, 848; *see also, Kirschhoffer v Van Dyke,* 173 AD2d 7, 10; *Lamot v Gondek,* 163 AD2d 678, 680). At trial, plaintiff testified that, at the time of the accident, she was employed as a bookkeeping operator earning $10.50 per hour. Plaintiff also testified that, in 1986, she earned $19,419. We conclude, therefore, that the highest amount that can be justified by plaintiff's evidence is $546,000 for loss of future earnings. Thus, we further modify the judgment by vacating that portion of the judgment that awarded $840,000 damages for that element of damages and we grant a new trial on that element of damages unless plaintiff stipulates to reduce the award for loss of future earnings to $546,000.

Finally, we have considered defendant's remaining contention, and we conclude that it is lacking in merit. (Appeal from Judgment of Supreme Court, Kings County, Shaw, J.—Negligence.) Present—Pine, J. P., Lawton, Wesley, Callahan and Davis, JJ.