■ CATHERINE BONNER et al., Respondents, v EDWARD E. LEE et al., Appellants, and FRED C. ARNOLD et al., Doing Business as GENERAL TAXI, Respondents. (Appeal No. 1.) [679 NYS2d 864] —Amended judgment unanimously affirmed without costs. Same Memorandum as in *Bonner v Lee* ([appeal No. 2] 255 AD2d 1005 [decided herewith]). (Appeal from Amended Judgment of Supreme Court, Ontario County, Cornelius, J.—Negligence.) Present—Green, J. P., Pigott, Jr., Balio and Fallon, JJ.

■ CATHERINE BONNER et al., Respondents, v EDWARD E. LEE et al., Appellants, and FRED C. ARNOLD et al., Doing Business as GENERAL TAXI, Respondents. (Appeal No. 2.) [679 NYS2d 775] —Judgment unanimously modified on the law and as modified affirmed without costs and new trial granted on damages for loss of services only unless plaintiffs, within 20 days of service of a copy of the order of this Court with notice of entry, stipulate to decrease the verdict to $50,000 for loss of services, in which event the judgment is modified accordingly and as modified affirmed without costs. Memorandum: Edward E. Lee and Geneva Club Beverage Co., Inc. (defendants) contend that Supreme Court erred in denying their request for a missing witness charge with respect to one of the treating physicians of Catherine Bonner (plaintiff) and two radiologists who prepared reports on MRI examinations of plaintiff. We disagree. The testimony of the physicians would have been cumulative, and the request was therefore properly denied (*see, Austin v Knowlton,* 234 AD2d 918; *Butts v Braun,* 204 AD2d 1069). Defendants further contend that the court erred in failing to preclude one of plaintiff's treating physicians from testifying regarding her interpretation of plaintiff's 1991 MRI on the ground that plaintiffs failed to comply with CPLR 3101 (d) (1) and 22 NYCRR 202.17. Because the witness was one of plaintiff's treating physicians, CPLR 3101 (d) (1) does not apply (*see, Rook v 60 Key Centre,* 239 AD2d 926; *Wylie v Consolidated Rail Corp.,* 229 AD2d 966). Furthermore, because the contention that the

testimony was precluded by 22 NYCRR 202.17 is being raised for the first time on appeal, it has not been properly preserved for our review (*see,* CPLR 5501 [a]; *Kocher v Baird,* 174 AD2d 1042). In any event, that rule relates to the exchange of medical reports and thus is not applicable.

We agree with defendants, however, that the award of $100,000 for loss of services deviates materially from what would be reasonable compensation (*see,* CPLR 5501 [c]; *Adams v Romero,* 227 AD2d 292; *Dittrich v City of New York,* 144 AD2d 335). Therefore, we modify the judgment by vacating the award of damages for loss of services, and we grant a new trial on damages for loss of services only unless plaintiffs, within 20 days of service of a copy of the order of this Court with notice of entry, stipulate to decrease the verdict to $50,000 for loss of services, in which event the judgment is modified accordingly.

We have reviewed the remaining contentions of defendants and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Ontario County, Cornelius, J.— Negligence.) Present—Green, J. P., Pigott, Jr., Balio and Fallon, JJ.