■ PERRY MIHILEAS, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 93120.) [697 NYS2d 891] —Judgment unanimously affirmed without costs. Memorandum: Contrary to the contention of claimant, the award of damages does not deviate materially from what would be reasonable compensation (*see,* CPLR 5501 [c]). The record establishes that claimant's venous insufficiency was a preexisting condition. Claimant's medical expert acknowledged that claimant's venous insufficiency condition was a natural progression from the varicose veins claimant had when he began his prison term. He opined that claimant's condition was further exacerbated by claimant having to wear State-regulation boots, sleep on a bed that was too short for him, and work in the horticulture program. Claimant's medical expert did not quantify, however, either the probability of avoiding the condition or the period of time in which claimant could have avoided its occurrence had he received better treatment. Claimant may recover only for such increased pain and suffering caused by defendant's acts (*see, Brown v State of New York,* 192 AD2d 936, *lv denied* 82 NY2d 654; *Ortiz v Mendolia,* 116 AD2d 707), and under the circumstances the $12,500 award of damages was adequate.

We reject the contention that claimant is entitled to an award of attorney's fees; such an award is expressly prohibited by Court of Claims Act § 27 (*see, Spickerman v State of New York,* 85 AD2d 60, 61). (Appeal from Judgment of Court of Claims, McNamara, J.—Negligence.) Present—Denman, P. J., Green, Pine, Scudder and Callahan, JJ.