■ JEFFREY T. DICKERSON, Respondent, v WOODBRIDGE CONSTRUCTION GROUP, INC., et al., Appellants. [711 NYS2d 813] —Judgment unanimously affirmed without costs. Memorandum: Plaintiff sustained injuries when he fell from scaffolding while working on the construction of a new fire hall for defendant Town of Ellicottville (Town), the owner of the property. The Town hired defendant Woodbridge Construction Group, Inc. (Woodbridge) to construct the new building, and Woodbridge hired plaintiff, a sole proprietor, as the masonry subcontractor. Supreme Court granted plaintiff's motion for partial summary judgment on the Labor Law § 240 cause of action. After a trial on damages, the jury returned a verdict that included an award of $100,000 for past loss of earnings and $450,000 for future loss of earnings.

Defendants contend that the indemnity agreement in the subcontract between plaintiff and Woodbridge should be enforced. Before the trial commenced, defendants moved to amend their answer to assert a counterclaim for contractual indemnification and assert an affirmative defense based on waiver of the protections of the Labor Law statutes. They also cross-moved for summary judgment seeking dismissal of, *inter alia,* the Labor Law § 240 cause of action on the basis of waiver. Defendants' appeal from the order denying their motion and cross motion was dismissed by this Court for failure to prosecute, based on defendants' failure to perfect the appeal in a timely manner. "[A] prior dismissal for want of prosecution acts as a bar to a subsequent appeal as to all questions that

were presented on the earlier appeal" (*Bray v Cox,* 38 NY2d 350, 353; *see, Rubeo v National Grange Mut. Ins. Co.,* 93 NY2d 750, 754). We decline to exercise our authority to review defendants' contention in the exercise of our discretion (*see, Faricelli v TSS Seedman's,* 94 NY2d 772, 774).

The evidence is legally sufficient to support the award of damages for past and future loss of earnings (*see, Schillace v Price Co.,* 231 AD2d 879). Plaintiff's loss of earnings was established with reasonable certainty (*see, Walsh v State of New York,* 232 AD2d 939, 940-941; *Kirschhoffer v Van Dyke,* 173 AD2d 7, 10). Although we agree with the contention of defendants that the court erred in denying their request for a missing witness charge based on plaintiff's failure to call an expert economist to testify, we conclude that it did not deprive defendant of a fair trial (*see, Brewster v Prince Apts.,* 264 AD2d 611, *lv denied* 94 NY2d 762, *lv dismissed* 875). (Appeal from Judgment of Supreme Court, Erie County, LaMendola, J.— Damages.) Present—Pigott, Jr., P. J., Hayes, Wisner and Kehoe, JJ.