■ JAMES PATTERSON et al., Respondents, v KUMMER DEVELOPMENT CORPORATION et al., Appellants. [755 NYS2d 180] —Appeal from a judgment of Supreme Court, Niagara County (Lane, J.), entered April 3, 2002, upon a jury verdict in favor of plaintiffs.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the award of damages for past pain and suffering and future custom orthotic expenses and as modified the judgment is affirmed without costs and a new trial is granted on damages for past pain and suffering only unless plaintiffs, within 20 days of service of a copy of the order of this Court with notice of entry, stipulate to reduce the verdict for past pain and suffering to $500,000, in which event the judgment is modified accordingly and as modified the judgment is affirmed without costs.

Memorandum: Defendants appeal from a judgment entered upon a jury verdict in favor of plaintiffs arising from an injury sustained by James Patterson (plaintiff) when he fell 10 feet from a ladder and landed feet first on the ground. We agree with defendants that the award of damages of $750,000 for plaintiff's past pain and suffering deviates materially from what would be reasonable compensation (*see* CPLR 5501 [c]). Plaintiff sustained a fracture of his right calcaneus, which did not require surgery, and a fracture dislocation of his left ankle, including the distal tibia and fibula, which required two surgeries and the insertion of a plate and screws. Plaintiff testified that he was in extreme pain after the accident and after both surgeries. At the time of trial, plaintiff still experienced pain in both feet, which increased in intensity when standing or walking for prolonged periods of time. In our view, an award of damages of $500,000 for plaintiff's past pain and suffering is the maximum amount the jury could have found as a matter of law (*see Spors v Stoll,* 256 AD2d 1083, 1085-1086, *lv dismissed* 93 NY2d 998; *see generally Hafner v County of Onondaga* [appeal No. 2], 278 AD2d 799), and thus we modify the judgment by vacating the award of damages for past pain and suffering. Contrary to defendants' further contention, however, the award of damages of $500,000 for plaintiff's future pain and suffering does not deviate materially from what would be reasonable compensation. Plaintiff has a permanent partial disability, including a 35% loss of use of his right foot and a 60% loss of use of his left foot and ankle. He cannot take long walks, and he has difficulty descending stairs. His physicians opined that he would develop posttraumatic arthritis that would worsen over time, along with the pain in his feet, and that he would eventually require surgery to alleviate the pain.

Also contrary to defendants' contention, plaintiffs proved plaintiff's loss of earnings with reasonable certainty through the testimony of their expert economist (*see generally Toscarelli*

*v Purdy,* 217 AD2d 815, 818; *Butts v Braun,* 204 AD2d 1069, 1069-1070; *Burdick v Bratt,* 203 AD2d 950, 951, *lv denied* 84 NY2d 801). Plaintiffs also proved plaintiff's future medical expenses with reasonable certainty (*cf. Strangio v New York Power Auth.* [appeal No. 2], 275 AD2d 945, 946-947; *Butts,* 204 AD2d at 1069; *Brownell v Thomas,* 201 AD2d 872, 873). The separate award of damages for future custom orthotic expenses must be vacated, however, because that award was included in the award of damages for future medical expenses and is thus duplicative of that award. We therefore further modify the judgment by vacating the award of damages for future custom orthotic expenses.

Defendants further contend that the award of damages to plaintiff's wife of $80,000 for past loss of consortium and $60,000 future loss of consortium is necessarily duplicative of the award of damages to plaintiff of $120,000 for future loss of services. We reject that contention because the award of damages to plaintiff's wife encompasses loss of society and companionship, not merely loss of services (*see Millington v Southeastern El. Co.,* 22 NY2d 498, 501-502). We reject defendants' further contention that the award of damages to plaintiff's wife deviates materially from what would be reasonable compensation (*see* CPLR 5501 [c]). Present—Green, J.P., Hurlbutt, Burns, Gorski and Hayes, JJ.