WILLIAM BEH, Respondent-Appellant, v JIM WILLIS & SONS BUILDERS, INC., Appellant-Respondent. [814 NYS2d 476]—

Appeal and cross appeal from a judgment of the Supreme Court, Monroe County (Harold L. Galloway, J.), entered May 19, 2005 in a personal injury action. The judgment, entered upon a jury verdict, awarded the plaintiff the sum of $392,749.50, together with interest continuing to accrue at the statutory rate.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by granting the cross motion and setting aside the award of damages for future pain and suffering and as modified the judgment is affirmed without costs, and a new trial is granted on that element of damages only unless defendant, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to increase the award of damages for future pain and suffering to $150,000, in which event the judgment is modified accordingly and as modified the judgment is affirmed without costs.

Memorandum: In this action seeking damages for injuries sustained by plaintiff in a construction accident, defendant appeals and plaintiff cross-appeals from a judgment awarding plaintiff $349,425 in damages, including $91,200 for past pain and suffering, $59,610 for past loss of wages "including past fringe benefits," $55,600 for future pain and suffering, $90,000 for future loss of wages, $6,615 for future loss of fringe benefits, and $46,400 for loss of future health care-related expenses. Contrary to defendant's contention, plaintiff established his loss of earning capacity with the requisite reasonable certainty by the

competent testimony of his expert witnesses, i.e., a vocational rehabilitation specialist and an economist (*see Hoerner v Chrysler Fin. Co., L.L.C.*, 21 AD3d 1254, 1256 [2005]; *Patterson v Kummer Dev. Corp.*, 302 AD2d 873, 874-875 [2003]; *Kirschhoffer v Van Dyke*, 173 AD2d 7, 10 [1991]). "Recovery for lost earning capacity is not limited to a plaintiff's actual earnings before the accident, . . . and the assessment of damages may instead be based upon future probabilities" (*Kirschhoffer*, 173 AD2d at 10). Similarly, we conclude that plaintiff established his future medical expenses with the requisite reasonable certainty (*see Patterson*, 302 AD2d at 875; *cf. Hersh v Przydatek* [appeal No. 2], 286 AD2d 984, 985 [2001]; *Strangio v New York Power Auth.* [appeal No. 2], 275 AD2d 945, 946-947 [2000]).

We conclude, however, that the award of $55,600 for future pain and suffering over plaintiff's remaining life expectancy of 20 years deviates materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Elescano v Eighth-19th Co., LLC*, 17 AD3d 250 [2005]; *see also Wojeski v Del Favero*, 17 AD3d 1024, 1026 [2005]; *see generally Countermine v Galka*, 189 AD2d 1043, 1045-1046 [1993]). In our view, an award of $150,000 would be reasonable compensation for plaintiff's future pain and suffering (*see generally Wojeski*, 17 AD3d at 1026). We modify the judgment accordingly, and we grant a new trial on damages for future pain and suffering only unless defendant, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to increase the award of damages for future pain and suffering to $150,000, in which event the judgment is modified accordingly. Present—Pigott, Jr., P.J., Scudder, Kehoe, Pine and Hayes, JJ.