■ JUSTIN M. SHUBBUCK, Respondent, v SEAN W. CONNERS et al., Appellants. [899 NYS2d 514]—

Appeal from a judgment of the Supreme Court, Erie County (Paula L. Feroleto, J.), entered September 30, 2008 in a personal injury action. The judgment awarded plaintiff damages against defendants upon a jury verdict.

It is hereby ordered that the judgment so appealed from is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when the taxicab he was driving collided with a vehicle operated by defendant Sean W. Conners and owned by defendant Denise M. Sabuda. Contrary to defendants' contention, Supreme Court properly granted that part of plaintiff's pretrial motion for partial summary judgment on the issue whether plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) (*see generally Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]). The case thereafter proceeded to trial, whereupon the jury rendered a verdict in favor of plaintiff and awarded him damages for past and future medical expenses, lost wages, and pain and suffering. There is no merit to the contention of defendants that the finding of the jury that plaintiff's negligence was not a substantial factor in causing the accident is against the weight of the evidence. It cannot be said that the verdict "could not have been reached on any fair interpretation of the evidence" (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995] [internal quotation marks omitted]).

With respect to the award of damages, defendants contended in their post-trial motion that the evidence is legally insufficient to support the award with respect to future lost wages and future medical expenses. We reject that contention. " 'It is axiomatic that loss of earnings must be established with reasonable certainty . . . and the initial burden of proving lost wages is on the [plaintiff]' . . . 'Recovery for lost earning capacity is not limited to a plaintiff's actual earnings before the accident, however, and the assessment of damages may instead be based upon future probabilities' " (*Huff v Rodriguez*, 45 AD3d 1430, 1433 [2007]; *see Kirschhoffer v Van Dyke*, 173 AD2d 7, 10 [1991]). At trial, plaintiff presented uncontroverted testimony in support of his claim for future lost wages that the construction company where he was employed as a supervisor paid him $4.50 less per hour than other supervisors because of his physical limitations, which limitations the medical proof established

were the direct result of his injuries. This Court has previously determined that a plaintiff's testimony concerning earnings may alone be legally sufficient to support a claim for lost wages (*see Dickerson v Woodbridge Constr. Group*, 274 AD2d 945, 946 [2000]; *Butts v Braun*, 204 AD2d 1069, 1069-1070 [1994]). In this case, it cannot be said "that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). The same reasoning set forth in *Cohen* applies equally with respect to the award of damages for future medical expenses.

All concur except Smith, J.P., and Pine, J., who dissent in part and vote to modify in accordance with the following memorandum.

Smith, J.P., and Pine, J. (dissenting in part). We respectfully dissent in part and would set aside the award of damages for future lost wages. It is well settled that future lost wages must be established with reasonable certainty and that plaintiff had the initial burden of proof with respect to that issue (*see generally Huff v Rodriguez*, 45 AD3d 1430, 1433 [2007]; *Man-Kit Lei v City Univ. of N.Y.*, 33 AD3d 467, 469-470 [2006], *lv denied* 8 NY3d 806 [2007]; *Tassone v Mid-Valley Oil Co.*, 5 AD3d 931, 932 [2004], *lv denied* 3 NY3d 608 [2004]). Here, the sole evidence presented at trial with respect to that issue was the unsubstantiated testimony of plaintiff, who testified that he earned $10 per hour as a manager following the accident, that other managers earned $15 per hour, and that, in his opinion, they received higher wages because the injuries he sustained in the accident rendered him unable to perform the physical labor they performed. Other than plaintiff's unsubstantiated opinions, there was no evidence establishing the reason for the pay differential or, indeed, whether there was such a pay differential. Such speculative and "[u]nsubstantiated testimony, without documentation, is insufficient to establish [future lost wages]" (*Lodato v Greyhawk N. Am., LLC*, 39 AD3d 494, 496 [2007]). Although plaintiff was not required to present expert testimony to establish his claim for future lost wages (*see generally Kirschhoffer v Van Dyke*, 173 AD2d 7, 10 [1991]), he nevertheless failed to meet his burden of establishing his future lost wages with the requisite reasonable certainty by, e.g., providing documentary evidence "demonstrating the difference between what he is now able to earn and what he could have earned if he had not been injured" (*Burdick v Bratt*, 203 AD2d 950, 951 [1994], *lv denied* 84 NY2d 801 [1994]). Indeed, "the record is devoid of any W-2

forms, tax returns or other documentation of income earned . . . [We thus conclude that], even if plaintiff's testimony [was] fully credited, [it was] insufficient to support the amount of damages awarded by the jury" (*O'Brien v Mbugua*, 49 AD3d 937, 940 [2008]; *see Faas v State of New York*, 249 AD2d 731, 732-733 [1998]). We therefore would modify the judgment by granting that part of defendants' post-trial motion seeking to set aside the award of damages for future lost wages and setting aside that award. Present—Smith, J.P., Centra, Lindley, Sconiers and Pine, JJ.