# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**932**

**CA 12-00084**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

NATIONAL FUEL GAS DISTRIBUTION CORPORATION,
PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ERIE COUNTY WATER AUTHORITY, DEFENDANT-APPELLANT.

---

BENDER & BENDER, LLP, BUFFALO (THOMAS W. BENDER OF COUNSEL), FOR
DEFENDANT-APPELLANT.

WILDER & LINNEBALL, LLP, BUFFALO (LAURA A. LINNEBALL OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County
(Christopher J. Burns, J.), entered April 12, 2011. The judgment
awarded money damages to plaintiff following a nonjury trial.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages
resulting from a break in defendant's water main, which caused water
to infiltrate plaintiff's nearby gas line. Following a bifurcated
nonjury trial on the issue of liability, Supreme Court concluded that
defendant was negligent and that it was liable for plaintiff's damages
caused by the leak. We affirm. We note at the outset that the
interlocutory judgment from which defendant's appeal was taken was
subsumed in the final judgment, from which no appeal was taken.
Nevertheless, we exercise our discretion to treat the notice of appeal
as valid and deem the appeal as taken from the final judgment (*see*
*Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988, 988; *see also* CPLR
5520 [c]).

Defendant's contention on appeal that its decision whether to
replace the subject water main is entitled to governmental immunity is
not properly before us. Defendant raised that contention in its
pretrial motion for summary judgment dismissing the amended complaint,
and defendant's appeal from the order denying that motion was
dismissed by this Court based on defendant's failure to perfect the
appeal in a timely manner. "[A] prior dismissal for want of
prosecution acts as a bar to a subsequent appeal as to all questions
that were presented on the earlier appeal" (*Bray v Cox*, 38 NY2d 350,
353; *see Dickerson v Woodbridge Constr. Group*, 274 AD2d 945, 945-946),
and we decline to review defendant's contention in the exercise of our

discretion (*see Faricelli v TSS Seedman's*, 94 NY2d 772, 774).

Viewing the evidence in the light most favorable to sustain the judgment rendered following this nonjury trial (*see Matter of City of Syracuse Indus. Dev. Agency [Alterm, Inc.]*, 20 AD3d 168, 170), we conclude that there is a fair interpretation of the evidence supporting the court's determination that defendant was negligent (*see generally id.*). The evidence established that, within the approximately nine years preceding the break at issue, there had been four breaks in the water main in proximity to the subject break. Three of those prior breaks were the same type of break as the one that occurred here. In addition, plaintiff's expert testified that defendant should have replaced at least a portion of the water main after the previous breaks occurred and, contrary to defendant's contention, the court did not err in crediting the testimony of that expert (*see generally Cotton v Beames*, 74 AD3d 1620, 1621-1622). Thus, the court's determination that defendant had notice of a dangerous condition and that it failed to make reasonable efforts to inspect the water main and repair the dangerous condition is supported by a fair interpretation of the evidence (*see generally De Witt Props. v City of New York*, 44 NY2d 417, 424-425).

Contrary to the further contention of defendant, the court properly determined based on the evidence before it that defendant's negligence was the proximate cause of plaintiff's damages. Although two holes were discovered in plaintiff's gas line, plaintiff's leakage surveys indicated that the holes did not affect the functioning of the line, and defendant's distribution engineer testified that he was aware of prior incidents in which water from broken water mains had infiltrated nearby gas lines. The evidence thus supports the court's determination that " 'under all the circumstances the chain of events that followed the negligent act or omission was a normal or foreseeable consequence of the situation created by the [defendant's] negligence' " (*Sheffer v Critoph*, 13 AD3d 1185, 1186-1187).

In light of our determination, we see no need to address defendant's remaining contentions.

Entered: October 5, 2012                                    Frances E. Cafarell
                                                           Clerk of the Court